NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
:
In re:                                                                   :    Chapter 11
:
CIT GROUP INC. and                                          :    Case No. 09-16565 (ALG)
CIT GROUP FUNDING COMPANY           :
OF DELAWARE LLC,                                         :
:
         Debtors.                                       :    (Jointly Administered)
:
---------------------------------------------------------------x
:
Marc J. Loiselle and Sandra A. Loiselle,           :
:
         Plaintiffs,                                    :    Adv. Proc. No. 10-03880 (ALG)
   v.                                                                  :
:
CIT Group Inc.,                                                  :
CIT Group Funding Company of Delaware  :
LLC,                                                                     :
         Defendant(s).                                :
---------------------------------------------------------------x

# ORDER

On December 8, 2009, this Court confirmed the Debtors' prepackaged plan of reorganization, as modified and amended (the "Plan"), and two days later the plan became effective. On October 14, 2010, more than ten months after confirmation, Marc J. and Sandra A. Loiselle (collectively, the "Plaintiffs") brought the above-captioned adversary proceeding against the Defendants for injunctive and declaratory relief, the reissuance of assets and punitive damages. The complaint alleges that the Plaintiffs held "in their personal IRA account a vested interest in CIT," that the "Defendant was obligated by rule and law to notify the Plaintiff[s] of" their bankruptcy filing and "failed to do so." *See Complaint* at ¶ 13. Based on the Defendants' alleged failure to provide appropriate notice to the Plaintiffs, the Plaintiffs seek to have this Court reinstate their prepetition equity interests in CIT Group Inc. and reimburse them for their

costs and expenses so as to place them in the same position as they were prior to the petition date. *See Complaint* at ¶¶ 1, 5, 18, 21. In the alternative, the Plaintiffs seek discovery to "show the mismanagement and conversion of assets so as to restore the converted assets" to the Defendants and the Defendants' shareholders and "punitive damages for the failure to comply with all Bankruptcy Court filing requirement[s]." *See Complaint, Prayer for Relief* ¶¶ (c)-(d). In addition to filing the adversary proceeding in October, 2010, between March 10, 2010 and March 24, 2010, approximately three months after confirmation, the Plaintiffs had filed seven proofs of claim in the above-captioned Chapter 11 case.

On November 15, 2010, the Defendants filed a motion to dismiss the adversary complaint for failure to state a claim upon which relief can be granted. Following a conference held before this Court on November 23, 2010, the Plaintiffs filed their response to the motion to dismiss, and the Defendants filed their reply. In their papers, the Defendants argued they provided the Plaintiffs with proper notice of the bankruptcy cases when they served all shareholders with a Combined Notice of case commencement and other matters on or before November 6, 2009.[1] The Combined Notice was served on the banks, brokers and other nominees who were the registered holders of shares, and the Defendants submit that notice was sent to the registered holder of the entity through which the Plaintiffs maintained their shares in an IRA Account. *See Defendants' Reply* at ¶ 5. The Defendants assert that serving the Combined Notice fulfilled any obligation they might have had to provide notice to the Plaintiffs as they "were only obligated to provide record holders," and "not those persons who held debt and equity securities in 'street name,' with mailed notice." *See Defendants' Memorandum of Law* at ¶ 24. Nevertheless, the

---

[1] The Combined Notice is docket entry 69 in Case No. 09-16565 (ALG). The Confirmation Order, dated December 8, 2009 (Docket No. 193), found that the Debtors caused the Combined Notice to be served on all known interest holders (equity holders) on or before November 6, 2009 and that they published the Combined Notice in the Wall Street Journal (Global Edition) on November 6, 2009. *See Confirmation Order* at ¶ E.

Defendants requested that all banks, brokers and other intermediaries immediately distribute the Combined Notice to their beneficial holders (*i.e.*, persons holding in street name). *See Id.* at ¶ 25.

Although the Plaintiffs claim they did not receive timely notice of the Chapter 11 cases, any dispute regarding notice is not material. Even accepting the allegations in the complaint as true, the relief requested by the Plaintiffs cannot be granted as the demand for such relief was not timely. A confirmation order may only be revoked if such order "was procured by fraud" <u>and</u> only upon the "request of a party in interest at any time before 180 days after the date of the entry of the order of confirmation." 11 U.S.C. § 1144. As the confirmation order was entered on December 8, 2009, any request to revoke the confirmation order, even on the ground of fraud, had to be filed on or before June 7, 2010. This rule is strictly applied. *680 Fifth Ave. Assocs. v. EGI Co. Servs. (In re 680 Fifth Ave. Assocs)*, 209 B.R. 314, 322-23 (Bankr. S.D.N.Y. 1997), *aff'd* 169 B.R. 22 (S.D.N.Y. 1993), *aff'd* 29 F.3d 95 (2d Cir. 1994). In any event, it is not unfairly applied here because the record is clear that the Plaintiffs had actual knowledge of the Defendants' Chapter 11 cases no later than March 10, 2010 when they began filing their proofs of claim. The Plaintiffs could have but failed to timely request revocation of the confirmation order.

It should also be noted that the assertions in the complaint of mismanagement and conversion of assets are wholly without support, as is the demand that the Plaintiffs' equity interests be reinstated. *Cf. Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Although the Debtors' Plan converted debt to equity and eliminated all prior interests of preferred and common shareholders, at the confirmation hearing the Debtors demonstrated, in accordance with § 1129(b) of the Bankruptcy Code, that there was no value for equity over the objection of

3

several mainly small holders of debt or equity who contended that they were being unfairly treated. *See Transcript of Confirmation Hearing,* dated December 8, 2009, at p. 22, line 16 through p. 27, line 25 (Docket No. 195) (testimony of Robert J. Duffy, Debtors' financial advisor).

Therefore, based on the foregoing and on the entire record in this case, it is hereby

**ORDERED**, that the Defendants' motion to dismiss is granted and the above-captioned adversary proceeding is dismissed.

Dated: New York, New York
       January 4, 2011

                                    */s/ Allan L. Gropper*    
                                    UNITED STATES BANKRUPTCY JUDGE